IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 6:22-cr-00703-HMH |
| | ) |
| v. | ) |
| | ) |
| RAHSAAN JACKSON GARTH | ) |

**PRELIMINARY ORDER OF FORFEITURE AS TO
RAHSAAN JACKSON GARTH**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Rahsaan Jackson Garth ("Garth", "Defendant"), based upon the following:

1. On August 9, 2022, an Indictment was filed charging Garth with one count of securities and commodities fraud, in violation of 18 U.S.C. § 1348.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Garth's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Cash Proceeds/Forfeiture Judgment/Proceeds[1]:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in this Indictment, that is, a minimum of $614,699.00 and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of Title 18.

3. On January 24, 2023, Garth pled guilty to the securities and commodities fraud charge.

---

[1] The government is pursuing a forfeiture judgment of $2,130,262.00, which is the loss amount attributed to the Defendant.

4.     Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the forfeiture judgment and the offense for which Garth has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture.

Accordingly, it is hereby **ORDERED,**

1.     The below-described property, and all rights, title, and interest of the Defendant, Rahsaan Jackson Garth, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with the law.

2.     FORFEITURE IS ORDERED against Garth and in favor of the United States for $2,130,262.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3.     The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4.     Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if

applicable.

5.     The government is not required to publish notice regarding the forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.     Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.     The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

/s/ Henry M. Herlong, Jr.
Henry M. Herlong, Jr.
Senior United States District Judge

June 5, 2023
Greenville, South Carolina